UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTONIO G.R., | Civil Action No. 19-6746 (SRC) |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| CHARLES GREEN, | |
| Respondent. | |

This matter has been opened to the Court by Petitioner's filing of a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons explained in this Memorandum Opinion, the Court will deny the Petition.

Petitioner is a citizen and national of Mexico. *See* ECF No. 4-2, Ex. A, Notice to Appear. He entered the United States at an unknown location and date. *See id.* Petitioner was not admitted or paroled into the United States. On or about December 18, 2006, Petitioner was arrested for a "Public Order Crimes." *See* ECF No. 4-3, Ex. B, Form I-213 Record of Deportable/Inadmissible Alien.

Immigration and Customs Enforcement ("ICE") detained Petitioner on July 9, 2018. *See* ECF No. 4-4, Ex. C, Form I-286; *see also* Ex. A (Form I-830). ICE determined that Petitioner was subject to discretionary detention under 8 U.S.C. § 1226(a). *See* Ex. C. The same day, Petitioner was served with a Notice to Appear ("NTA") charging him with removability pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act as an alien present in the United States without being admitted or paroled or who arrived in the United States at any time or place other than as designated by the Attorney General. *See* Ex. A.

1

On August 28, 2018, Petitioner appeared, with counsel, for a master calendar hearing and a bond hearing before an immigration judge. *See* ECF No. 4-1, Declaration of Elizabeth Burgus ("Burgus Decl.") at ¶ 3. The master calendar hearing was adjourned to October 23, 2018 to allow Petitioner time to prepare, and no action was taken at the time with respect to the bond hearing. *See id.*; *see also* ECF No. 4-5, Ex. D, August 28, 2018 Immigration Court Order. On October 23, 2018, Petitioner appeared, with counsel, for the master calendar hearing and bond hearing. *See* Burgus Decl. at ¶ 4. At the master calendar hearing, Petitioner filed an application for relief from removal. *See id.* An individual hearing on the merits of the application was scheduled for January 29, 2019. *See id.* The immigration court conducted a bond hearing pursuant to 8 U.S.C. § 1226(a), and denied Petitioner bond. *See id.* Petitioner apparently reserved appeal, but it appears that Petitioner never filed an appeal of the decision with the Board of Immigration Appeals ("BIA").

On January 29, 2019, Petitioner appeared, with counsel, for an individual merits hearing before an immigration judge. *See* Burgus Decl. at ¶ 5. After approximately three hours of testimony, the hearing was adjourned to April 17, 2019 due to insufficient time to complete the hearing. *See id.* On April 17, 2019, Petitioner again appeared with counsel for his hearing, but at Petitioner's request the hearing was adjourned to June 18, 2019. *See id.* at ¶ 6.

The instant Petition was filed on February 25, 2019, seeking a bond hearing based on Petitioner's "prolonged and indefinite detention" of more than seven months in violation of his due process rights. *See* ECF No. 1, Pet. at ¶¶ 12-20. On April 3, 2019, the Court directed Respondent to answer the Petition. ECF No. 2. On May 20, 2019, Respondent filed the Answer. ECF No. 4. Petitioner did not file a reply.

The parties appear to agree that Petitioner is detained pursuant to 8 U.S.C. § 1226(a).

Section 1226(a) authorizes the Attorney General to detain or release an alien pending a decision on whether the alien is to be removed from the United States. This section provides, in relevant part:

> (a) Arrest, detention, and release[-] On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c)3 of this section and pending such decision, the Attorney General-
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on-
>
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
> (B) conditional parole[.]

8 U.S.C. § 1226(a). "Aliens held pursuant to 8 U.S.C. § 1226(a) are entitled to bond hearings at which they can secure their release if they can 'demonstrate [that] they would not pose a danger to property or persons and ... are likely to appear for any future proceedings.'" *Ricardo A. C.-R. v. Ahrendt*, No. CV 18-17177 (JMV), 2019 WL 2061244, at *2 (D.N.J. May 9, 2019) (citing *Contant v. Holder*, 352 F. App'x 692, 694-96 (3d Cir. 2009)).

Here, Petitioner was provided with an individualized bond hearing on October 22, 2018 and was denied bond by an immigration judge. He disagrees with the immigration judge's determination, *see* ECF No. 1, Pet. at ¶ 3, and now seeks a second bond hearing, arguing that his detention has become unreasonably prolonged based on the length of the detention and his separation from his U.S. citizen children. *See* ECF No. 1, Pet. at ¶¶ 16-20. Petitioner analogizes his situation to a detainee held pursuant to mandatory detention under 8 U.S.C. § 1226(c), relies on the case law governing mandatory detention under 8 U.S.C. § 1226(c), and contends that his detention as applied to him has become unconstitutionally prolonged. ECF No. 1, Pet. at ¶¶ 12-17.

3

The Third Circuit, however, rejected a similar argument made by a detainee held pursuant to §1226(a) who sought to compel a second bond hearing despite alleging no constitutional defect in the one he received. *See Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274, 279 (3d Cir. 2018). As explained by the Third Circuit, "[t]his comes close to asking this Court to directly review the IJ's bond decision, a task Congress has expressly forbidden us from undertaking." *Id.* at 279. Although the circuit court "recognize[d] Borbot's concern that, despite an initial bond hearing, detention under § 1226(a) might become unreasonably prolonged," it found no basis in the record before it. So too, this Court finds that Petitioner has not established that his detention under §1226(a) is unreasonably prolonged, given that he received an individualized bond hearing on October 22, 2018, and has provided no evidence of any constitutional defect in that hearing.

Notably, Petitioner never appealed the immigration judge's decision with the BIA, the proper administrative body with authority to review the immigration judge's decision. *See Hugo A. A. Q. v. Green*, No. CV 17-5755 (JMV), 2018 WL 3993456, at *3 (D.N.J. Aug. 21, 2018) ("[t]o the extent Petitioner is dissatisfied with the IJ's decision at his . . . bond hearing, his remedy is to appeal that decision to the BIA . . . ."); *see also Medrano v. Taylor*, No. CV 17-5521 (ES), 2018 WL 2175774, at *4 (D.N.J. May 11, 2018) ("[t]his Court . . . does not have the power to second guess the discretionary decision of the IJ to deny Petitioner's release on bond.") Although Petitioner disagrees with the immigration judge's decision to deny his release on bond, Petitioner has not presented any evidence that his custody redetermination hearing was not a bona fide bond hearing. To the extent Petitioner disagrees with the decision of the immigration judge, the proper recourse is to appeal that decision to the BIA. *See Hugo A. A. Q.*, 2018 WL 3993456, at *3.

Finally, as noted by Respondent, Petitioner can at any point request a redetermination of his custody status directly with the immigration court. Under section 1226(a), aliens may request an initial bond redetermination hearing by simply making an oral, written or telephonic request to the immigration court. *See* 8 C.F.R. § 1003.19(b) ("[a]pplication for an initial bond redetermination by a respondent, or his or her attorney or representative, may be made orally, in writing, or, at the discretion of the Immigration Judge, by telephone."). The Immigration Court Practice Manual reiterates that "[a] request for a bond hearing may be made in writing" or "orally in court or, at the discretion of the Immigration Judge, by telephone." *See* Imm. Court. Prac. Man. Ch. 9.3(a) available at https://www.justice.gov/eoir/page/file/1084851/download (last accessed July 31, 2019). The regulations also provide procedures for how aliens and their representatives can request a subsequent bond redetermination hearing after an initial bond determination. *See* 8 C.F.R. § 1003.19(f).

For all these reasons, the Court finds that Petitioner is not entitled to a second bond hearing under § 1226(a) and will deny the Petition for habeas relief. An appropriate Order follows.

                                                                           s/ Stanley R. Chesler
                                                               STANLEY R. CHESLER
                                                               United States District Judge

Dated: August 2, 2019